# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN MARKOS,<br><br>Plaintiff,<br><br>v.<br><br>MCWILLIAMS/BALLARD INC.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Steven Markos ("Mr. Markos"), by his undersigned attorneys, Duane Morris LLP, brings this suit against defendant McWilliams/Ballard Inc. ("McWilliams/Ballard"), and for his Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. § 106 and intentional violation of the Digital Millennium Copyright Act in violation of 17 U.S.C. § 1202(b). Mr. Markos seeks compensatory and statutory damages in an amount to be established at trial, as well as injunctive and related relief.

### PARTIES

2. Mr. Markos is a photographer, writer and the sole creator and operator of a website celebrating national parks and historic sites around the country, who resides at 2606 Waters Edge Trail, Roswell, Georgia 30075.

3. Upon information and belief, defendant McWilliams/Ballard is a corporation registered to do business in the District of Columbia, with an office address identified in its registration at 700 Sixth Street, S.E., Washington, District of Columbia 20003. McWilliam/Ballard's website identifies a second Washington, D.C. office address at 1485 9th St., NW, Washington, District of Columbia 20001.

4. McWilliams/Ballard holds itself out as "the leading real estate marketing, sales, leasing, and project development consultant in the Mid-Atlantic." At all times relevant to this lawsuit, McWilliams/Ballard has owned and operated a website (https://www.braystoneva.com/location) used to promote condominium properties that McWilliams/Ballard developed and / or managed called Braystone Condominiums (the "Website").

## JURISDICTION AND VENUE

5. This is a civil action seeking, in part, damages and injunctive relief on behalf of the Plaintiff based on a claim of copyright infringement under the Copyright Act of the United States. This Court has jurisdiction over the claims asserted by the Plaintiff under 17 U.S.C. § 501, *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6. Personal jurisdiction over McWilliams/Ballard is proper in this forum. McWilliams/Ballard is registered to do business in the District of Columbia pursuant to the laws of the District of Columbia, and McWilliams/Ballard provides its real

estate services to customers and potential customers located in the District of Columbia, which services include advertising and promoting the sale and lease of condominiums and other properties located in Arlington, Virginia to residents of the District of Columbia, including during the time relevant to this lawsuit the condominium properties located at the Braystone Condominiums development. McWilliams/Ballard has caused Mr. Markos harm in this forum, including without limitation the harm caused to Mr. Markos's exclusive rights in the Copyrighted Work caused by McWilliams/Ballard's copying, displaying and distributing the Copyrighted Work in this forum. On information and belief, McWilliams/Ballard conducts and maintains ongoing business activities in this forum from which it derives substantial income.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because McWilliams/Ballard is located in and conducts business in the District of Columbia, including the business conduct giving rise to the claims asserted in this lawsuit.

**The Copyrighted Work**

8. Mr. Markos is a well-known and highly regarded photographer and writer who operates the National Parks Planner website (https://npplan.com). Mr. Markos has devoted countless hours to creating photographic and textual catalogs of our country's national parks, among other outdoor and historic sites.

9. Among the many photographic images he created for purposes of display on the National Park Planner website, Mr. Markos is the exclusive owner of all copyrights in a stylized photographic image of a bike path along the George Washington Memorial Parkway (the "Copyrighted Work"). Attached hereto at **Exhibit A** is a true and accurate copy of Mr. Markos's Copyrighted Work as he publishes it on his website.

10. Mr. Markos publishes the Copyrighted Work on his website with copyright management information consistent with the "Notice of Copyright" provision of 17 U.S.C. § 401(b) affixed to the face of the photographic image. Specifically, Mr. Markos publishes the Copyrighted Work with the © symbol, the year of first publication and his name all appearing on the image as displayed on his website. As a result, pursuant to 17 U.S.C. § 401(d) "no weight shall be given to [] a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages."

11. Mr. Markos timely obtained Certificate of Registration VA 2-049-136 from the United States Copyright Office for the Copyrighted Work (among other photographs), effective as of November 2, 2016. Attached hereto at **Exhibit B** is a true and accurate copy of that Certificate of Registration. The Copyrighted Work is identified in the Certificate of Registration as "GW-Parkway-03."

12. Mr. Markos owns all rights, title, and interests, including copyrights, in and to the Copyrighted Work, including the exclusive rights to reproduce, display, and distribute the Copyrighted Work and to bring infringement claims arising out of the unauthorized reproduction, distribution and display of the Copyrighted Work.

**McWilliams/Ballard's Infringing Conduct**

13. At all times relevant to the claims asserted in this Complaint, McWilliams/Ballard operated the Website to promote and advertise condominium properties in its Braystone Condominiums development, including to residents of the District of Columbia.

14. In 2023, Mr. Markos discovered that McWilliams/Ballard was infringing his exclusive copyrights by reproducing, publicly displaying and distributing the Copyrighted Work without Mr. Markos's authorization or other lawful permission to promote and advertise its condominium properties on the Website.

15. McWilliams/Ballard sought to benefit, and on information and belief has benefitted, from its infringing use of Mr. Markos's Copyrighted Work to promote and sell McWilliams/Ballard's condominium properties without paying Mr. Markos (or anyone else) for a license or other authorization to reproduce, display, distribute or otherwise use the Copyrighted Work.

16. On information and belief, McWilliams/Ballard created its infringing copy of the Copyrighted Work from the Copyrighted Work as published by Mr. Markos on his National Park Planner website. Mr. Markos has not licensed or otherwise authorized any other person or entity to copy and display the Copyrighted Work anywhere else and to Mr. Markos's knowledge the Copyrighted Work has not been copied or displayed on any website or other location from which McWilliams/Ballard could have created its infringing copy.

17. In creating its infringing copy of the Copyrighted Work from the image as displayed on the National Park Planner website, McWilliams/Ballard ignored and refused to comply with the notice Mr. Markos posts on his website confirming that he owns the exclusive rights in the images posted on the National Park Planner website and requiring anyone who seeks to obtain a copy of one of his images for commercial use of any nature to contact Mr. Markos and negotiate a specific license. McWilliams/Ballard never contacted Mr. Markos to seek a license, and Mr. Markos never authorized McWilliams/Ballard to make a copy or to make any commercial use of the Copyrighted Work.

18. In connection with its reproduction, display, and distribution of the Copyrighted Work on its Website, McWilliams/Ballard cropped the Copyrighted Work to remove Mr. Markos's copyright notice and information, and hide its infringement of the Copyrighted Work from Mr. Markos and the viewing public.

19. A Screenshot evidencing McWilliams/Ballard's infringing reproduction, distribution and public display of the Copyrighted Work, manipulated to crop out and remove from view Mr. Markos's copyright management information is attached hereto at **Exhibit C**.

20. McWilliams/Ballard's infringement of Mr. Markos's exclusive rights in the Copyrighted Work and violation of the Digital Millennium Copyright Act were willful. At a minimum, McWilliams/Ballard's removal of Mr. Markos's copyright management information from, and its reproduction, public display, and distribution of, the Copyrighted Work without requesting or obtaining permission from Mr. Markos constitutes reckless disregard for Mr. Markos's exclusive rights.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

21. Mr. Markos realleges paragraphs 1 through 20 above and incorporates them by reference as if fully set forth herein.

22. The Copyrighted Work is original work of authorship, embodying copyrightable subject matter, entitled to the full protection of the United States copyright laws.

23. McWilliams/Ballard has infringed and violated Mr. Markos's exclusive rights under the Copyright Act, 17 U.S.C. § 106 *et seq*., in the Copyrighted Work by

copying, distributing and publicly displaying the Copyrighted Work on its Website without Mr. Markos's license or other permission.

24. McWilliams/Ballard committed its infringements of the Copyrighted Work in connection with the commercial promotion of its real estate business to customers and potential customers of condominium units at the Braystone Condominiums developed and / or managed by McWilliams/Ballard.

25. As a direct and proximate result of McWilliams/Ballard's infringement of the Copyrighted Work, Mr. Markos is entitled to an award of statutory damages in an amount to be determined at trial, up to but not to exceed the maximum statutory award of $150,000 for the Copyrighted Work, should McWilliams/Ballard's infringements be found to have been willful, or up to but not to exceed $30,000 for the Copyrighted Work should McWilliams/Ballard's infringement not be found to have been willful.

26. Alternatively, and at Mr. Markos's election, pursuant to 17 U.S.C. § 504(b), Mr. Markos shall be entitled to recover damages based on his lost profits arising out of an unpaid license fee and the disgorgement of McWilliams/Ballard's non-duplicative profits in connection with its commercial infringement of Mr. Markos's exclusive rights in the Copyrighted Work, which amounts will be proven at trial.

27. Mr. Markos also is entitled to seek recovery of his costs of this lawsuit, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

28. McWilliams/Ballard's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to the Mr. Markos, unless enjoined by this Court. Mr. Markos has no adequate remedy at law. Accordingly, pursuant to 17 U.S.C. § 502, Mr. Markos is entitled to a permanent injunction prohibiting further infringement by McWilliams/Ballard of his exclusive rights in the Copyrighted Work.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

29. Mr. Markos realleges the allegations of the preceding paragraphs 1 through 28 and incorporates them by reference as if fully set forth herein.

30. McWilliams/Ballard intentionally cropped and removed Mr. Markos's copyright management information watermarked in the Copyrighted Work as published, displayed and distributed by Mr. Markos on his website. McWilliams/Ballard had actual knowledge of and intent to remove Mr. Markos's copyright management information from the face of the Copyrighted Work for the purpose of concealing its infringement of the Copyrighted Work from Mr. Markos and the viewing public, and so that it could use the Copyrighted Work for its own commercial benefit without having to pay any license fee to Mr. Markos.

31. Upon information and belief, McWilliams/Ballard removed and hid Mr. Markos's copyright management information from the Copyrighted Work knowing or having reasonable grounds to know that such actions would conceal its infringement of Mr. Markos's copyrights, because it would make it appear that McWilliams/Ballard owned, or had the right to use the Copyrighted Work, and it would make it more difficult for Mr. Markos to search for his Copyrighted Work on the internet and locate McWilliams/Ballard's infringing use.

32. McWilliams/Ballard's conduct violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b).

33. By reason of McWilliams/Ballard's violation of the Digital Millennium Copyright Act, Mr. Markos has sustained and will continue to sustain harm, including without limitation, impairment of his ability to inform the public of his exclusive rights in the Copyrighted Work.

34. Further irreparable harm is imminent as a result of McWilliams/Ballard's conduct, and Mr. Markos is without an adequate remedy at law. Mr. Markos is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining McWilliams/Ballard, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with McWilliams/Ballard from engaging in further violations of the Digital Millennium Copyright Act.

35. In lieu of Mr. Markos's actual damages and McWilliams/Ballard's profits derived from its violations of the Digital Millennium Copyright Act recoverable under 17 U.S.C. § 1203(c)(2), at his discretion prior to entry of final judgment, Mr. Markos is entitled to recover statutory damages "in the sum of not less than $2,500 or more than $25,000" for each violation of § 1202, pursuant to 17 U.S.C. § 1203(c)(3)(B).

36. Mr. Markos also is entitled to seek to recover costs and reasonable attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Mr. Markos demands judgment in its favor as follows:

1. A declaration that McWilliams/Ballard has infringed Mr. Markos's exclusive rights in the Copyrighted Work under the Copyright Act;

2. A declaration that McWilliams/Ballard's copyright infringement was willful;

3. An award to Mr. Markos of his actual damages and disgorgement of McWilliams/Ballard's non-duplicative profits under 17 U.S.C. § 504(b) in amounts as shall be determined at trial;

4. Alternatively, at Mr. Markos's election prior to final judgment entering, an award to Markos of statutory damages pursuant to 17 U.S.C. § 504(c), in an amount determined at trial up to a maximum of $150,000 for infringement of the Copyrighted Work if should McWilliams/Ballard's infringement be determined to

have been willful, or up to a maximum of $30,000 should McWilliams/Ballard's infringement not be found to have been willful;

5. A declaration that McWilliams/Ballard has willfully violated the Digital Millennium Copyright Act by intentionally removing Mr. Markos's copyright management information in order to facilitate or conceal its infringement of the Copyrighted Work;

6. An award to Mr. Markos, at his discretion, of his actual damages and disgorgement of all non-duplicative gains, profits, property and advantages obtained or derived by McWilliams/Ballard from its violations of the Digital Millennium Copyright Act or, should Mr. Markos so elect, statutory damages in an amount determined at trial between a minimum of $2,500 and a maximum of $25,000 for McWilliams/Ballard's violation of § 1202, pursuant to 17 U.S.C. § 1203(c)(3)(B);

7. An award to Mr. Markos of his costs and expenses incurred in this action, including his reasonable attorneys' fees, as authorized in 17 U.S.C. §§ 505 and 1203(b)(5);

8. An award of interest, including pre-judgment interest, on the foregoing sums in favor of Mr. Markos;

9. A permanent injunction enjoining McWilliams/Ballard, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with McWilliams/Ballard, from:

(a) directly or indirectly infringing Mr. Markos's copyrights in the Copyrighted Work;

(b) directly or indirectly creating, reproducing, publicly displaying or distributing any work derived or copied from Mr. Markos's Copyrighted Work;

(c) directly or indirectly removing, altering, or adding false copyright management information to Mr. Markos's Copyrighted Work, and

(d) directly or indirectly participating or assisting any such activity; and

10. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Mr. Markos hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: March 5, 2025          Duane Morris LLP

/s/ Arletta K. Singh
Arletta K. Singh, DC Bar No. 90021552
DUANE MORRIS LLP
901 New York Ave., NW
Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776-7813
Facsimile: (202) 937-1939
AKSingh@duanemorris.com

*Counsel for plaintiff Steven Markos*